IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,126-01






EX PARTE DOMONIQUE DENARD GOOCH, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 114-1079-07 IN THE 114TH DISTRICT COURT


FROM SMITH COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
and controlled substance and sentenced to imprisonment for life. The Fourteenth Court of Appeals
affirmed his conviction. Gooch v. State, No. 14-08-00604-CR (Tex. App.-Houston [14th Dist.]
March 26, 2009, pet. ref'd). 

 Applicant contends that he was denied counsel of his choice and that trial counsel rendered
ineffective assistance. After holding a live evidentiary hearing, the trial court made findings of fact
and concluded that Applicant had not demonstrated that trial counsel was ineffective. The trial court
recommended that we deny relief. The trial court, however, made no findings and conclusions as to
whether Applicant was denied counsel of his choice. 

 Applicant has alleged facts that, if true, might entitle him to relief. United States v.
Gonzalez-Lopez, 548 U.S. 140 (2006). In these circumstances, additional facts are needed. As we
held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
another hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes
to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. 
Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether Applicant
was denied counsel of his choice. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: August 24, 2011

Do not publish